## KOSTENDADER v. PIERCE.

1. **Pleading :** AMENDMENT. An amendment to a pleading which does not state nor imply that it is designed as a substitute for the original will be construed in connection therewith.

2. —— When a copy of an instrument is properly set out and referred to in the original, it is not necessary to annex a copy of the amendment.

3. **Railroad company :** PRESUMPTION AS TO INCORPORATION. In an action or under a counter-claim to recover damages for breach of covenant against incumbrances by reason of a right of way for a railroad across the premises, it will be presumed from the record of the proceedings condemning the right of way that the railroad company was duly incorporated under the laws of the State.

4. **Practice :** RIGHT OF COUNSEL TO COMMENT ON PAPERS. Where the record of proceedings appropriating the right of way for a railroad company are offered in evidence, opposite counsel have a right in their argument to comment on any portion of such record.

5. **Conveyance :** BREACH OF COVENANTS : DAMAGES. Under a claim for damages resulting from breach of covenant against incumbrances, on account of a right of way for a railroad over the land, the real question as to the measure of damages is, in what proportion to the purchase price has the land been depreciated by reason of the right of way ? The ordinary rule as to the measure of damages prevailing in such case between the land owner and the railroad company does not apply.

*Appeal from Floyd Circuit Court.*

MONDAY, DECEMBER 15.

THE plaintiff brings this action to foreclose a mortgage for the sum of $640, and accrued interest evidenced by two promissory notes made by the defendant for part consideration of a farm purchased by him from the plaintiff. In defense, the defendant pleads a breach of the warranty against incumbrances, contained in plaintiff's deed to the defendant for the land sold to him and upon which the mortgage was given. The incumbrance alleged to exist is a right of way of one hundred feet wide across the premises, condemned according to law for and on behalf of the McGregor and Sioux City railroad.

Upon a trial to a jury the plaintiff recovered a verdict and judgment for $249.53, from which he appeals.

*Boulton & Duncan* for the appellant.

*Starr & Patterson* for the appellee.

MILLER, J.— I. On the 6th day of February, 1872, the defendant filed his answer and counter-claim, whereupon the plaintiff filed a motion to make the same more specific, which motion was in part sustained, and the defendant by leave of the court amended his answer, which he entitled "Amended Answer." On the trial defendant offered to read to the jury the original answer, which was objected to by plaintiff on the ground that it was superseded by the "amended answer." The objection was overruled, plaintiff excepted and assigned this ruling as error.

1. PLEADING.

The statute provides that "all matters of supplement or amendment, whether by addition or subtraction, shall be made, not by erasure or interlineation of the original, or by addition thereto, but upon a separate paper, which shall be filed, and shall constitute with the original but one pleading. But if it be stated in such paper, that it is a substitute for the former pleading, intended to be amended, in that case it shall be deemed such substitute, but the pleading superseded shall not be withdrawn from the files." Revision, § 2983.

Tested by this provision of the statute, the amended answer filed in this case was not to be deemed a substitute for, and did not supersede, the original answer. Although it was entitled "amended answer," it did not state that it was or purport to be "a substitute" for the former pleading intended to be amended. It did not take the place of the original answer, and therefore both must be considered together. *Pharo* v. *Johnson*, 15 Iowa, 560. It is very evident that it was not the intention of the pleader in preparing the amendment that it should take the place of the original answer, but that it was for the purpose of making the first answer more specific.

There was, therefore, no error in the ruling of which complaint is made.

II. The second assigned error is the overruling of appellant's objection to the reading in evidence of the deed of plaintiff to the land on which the mortgage sought to be foreclosed was a lien. This objection is based upon the ground that the amended answer makes no reference thereto. It is properly referred to, however, in the original answer, and a copy thereto annexed. It was not necessary to refer to it again in the amendment.

III. The third, eighth and eleventh assigned errors may be considered together.

The third is the overruling of appellant's objection to the record of the proceedings by the sheriff and a jury under the right of way act, showing a condemnation of a right of way for the McGregor and Sioux City Railroad across the premises conveyed by plaintiff to defendant. The right consists in the refusal of the court to give the following instruction:

3. RAILROAD COMPANY.

"Unless you find that a railroad company, duly authorized to do business in the State of Iowa as a corporation, duly made application and instituted proceedings and caused the lands to be condemned, and subjected to their use as provided by law, you will find for the plaintiff on defendant's claim for damages."

The eleventh consists in giving the following instruction to the court, viz. :

"Where proceedings have been had to assess the damages to the owner of land on account of the establishment of a right of way by a railroad company, and the jury appointed by the sheriff have made their report in writing and the damages have been paid to the sheriff as above indicated, it will be presumed that the railroad company was properly organized under the laws of Iowa to institute such proceedings until the contrary is made to appear in evidence."

The record of the proceedings condemning the right of way in question, shows that the condemnation was made in behalf

of a railroad company purporting to be duly incorporated under the laws of Iowa. This condemnation was made while the plaintiff was the owner of the land through which the right of way was taken, and before the defendant had any interest therein or could make any objection thereto. The plaintiff alone, if any one, could contest the right of the railroad company to condemn the right of way. We are of opinion, therefore, under the circumstances of the case, that the records of the *ad quod damnum* proceedings made a *prima facie* case for defendant, and that in the absence of evidence to the contrary it was proper to presume, as the court charged, that the condemnation was properly made on behalf of a corporation duly authorized to invoke the proceedings in its behalf.

IV. On the argument of the cause the counsel for appellant offered to read the "appraisement sheet" offered by defendant in evidence to show the amount the land was appraised at. This was objected to by defendant, and the objection sustained by the court. This was erroneous. The paper was a part of the records of the *ad quod damnum* proceeding which the defendant had given in evidence, and the plaintiff's counsel had the right to read it, and comment thereon to the jury.

4. PRACTICE.

V. The court, on the question of the measure of damages, instructed the jury as follows:

"7. In case of a breach of a covenant of this kind, the party aggrieved will be entitled to recover as damages the difference in value of the land purchased, on account of such incumbrance — and the difference, if any, will be ascertained by deducting from the value of the land without the incumbrance, the value of the land with the incumbrance and that difference, if any, will be the damages to which the aggrieved party is entitled."

5. CONVEYANCE.

This instruction was erroneous. The proper measure of damages is such sum of money which will put the defendant in as good a state in respect to the premises conveyed as if the plaintiff had kept his covenant against incumbrances. *Funk* v. *Creswell*, 5 Iowa, 62, and cases cited.

In ascertaining the measure of damages for a right of way as between the owner of the land and a railroad company, it is done by ascertaining the fair marketable value of the premises prior to the taking of the right of way, and the fair marketable value immediately thereafter. The difference between these sums is the measure of damages. But this rule does not properly apply to a case like the one before us. The parties, by their own agreement, have fixed the value of the premises without the incumbrance. It remains, therefore, to ascertain whether the right of way has affected the value of the premises, and if so, to what extent. The question will be simply in what proportion to the purchase price of the land has its value been depreciated by the taking of the right of way. A sum of money equal to this proportionate depreciation will make the defendant whole, and is the true measure of damages.

We do not find any error in any of the other assignments. For those above noticed, however, the judgment will be

Reversed.