BURROWS v. FRANK ET AL.

1. **Pleading**: SUFFICIENCY OF PETITION TO WARRANT JUDGMENT: ALLEGATION OF AGENCY. Action to recover of defendants the benefits of a contract made by them, as agents of plaintiff, with a third party. Upon examination of the original and amended petitions, *held* that the allegations of agency were sufficient to sustain a finding and judgment for plaintiff.

*Appeal from Adams Circuit Court.*

FRIDAY, DECEMBER 11.

DEFENDANTS filed a motion in arrest of judgment and for a new trial, which was overruled, and they appeal.

*C. D. Kasson* and *T. M. Stewart*, for appellants.

*Anderson & Towner*, for appellee.

SEEVERS, J.—The original petition contains two counts. The first states that plaintiff applied to defendants to negotiate a loan for him, which they did, and exacted or received $49.50 more interest than was due, and judgment is asked therefor. The second count states that a large part of the loan so obtained was payable to Mrs. Coleman, and that about the time the same became due the plaintiff applied to the defendants, "who were the agents of said Eliza R. Coleman, and through whom she collected the interest as the same accrued on said loan," for an extension thereof at a lower rate of interest; that, in truth and in fact, Mrs. Coleman granted such extension at a reduced rate of interest, but that defendants informed the plaintiff that no extension could be granted at a less rate of interest, and thereafter they paid the rate of interest provided in the contract; and the plaintiff seeks to recover the difference between the two rates. A motion was filed for a more specific statement, to which the plaintiff submitted in part, and filed what is called an "amended

petition." This petition contains two counts. The first is in substance the same as the first count in the original peti-tion, except that it states that the defendants were acting as plaintiff's "agents in said loan negotiations and the payment of the interest." The material portions of the second count are as follows; "That about the time" the loan became due the plaintiff desired and requested "the defendants to pro-cure an extension of time on said loan at eight per cent inter-est; that said defendants induced plaintiff to believe, and he did believe, that no extension of said loan could be obtained, but stated to plaintiff that foreclosure proceedings would not be commenced if he would continue to pay the ten per cent. interest until the principal was demanded." It is then stated that the payee of the mortgage in fact agreed to accept eight per cent interest, but that the plaintiffs paid the defendants ten per cent, and for the difference between these two sums the plaintiff asked judgment. The answer of the defendant denied the allegations of the petition, and in relation to the transaction stated in the second count, stated that they were the agents of Mrs. Coleman. There was a trial to the court, and the court found "that the defendants were acting as the agents of plaintiff in negotiating the agreement" in relation to the extension of time and abatement of interest, and "that the benefit of that agreement accrued to the plaintiff." Judgment was rendered on the second count for the plaintiff. The defendants moved the court to arrest the judgment, and for a new trial, on the ground that no cause of action was stated in the second count, and that thereunder the plaint-iff was entitled to no relief whatever. The motion was overruled.

I. The appellants maintain that the petitions must be regarded as one pleading, and construed accordingly. Code, § 2692; *Montgomery v. Schockey*, 37 Iowa, 107; *Cooley v. Brown*, 35 Iowa, 475; *Kostendader v. Pierce*, 37 Iowa, 645: This, for the purpose of the case, will be conceded. Counsel for the defendants contend that the averments in the second

count of the petition, and amendment thereto, show that, in obtaining an extension of time and abatement in the rate of interest on the loan, they were acting as the agents of Mrs. Coleman, and that it must necessarily follow that they were liable to her for all of the money they received from the plaintiff.

The petition and amended petition each contain two counts, and the plaintiff therein seeks to recover on two causes of action. Substantially, each count contains a statement of a cause of action upon which the plaintiff is entitled to recover, unless the objection under consideration is well taken. The two causes of action are differently stated in each count which has reference thereto. In the first count in the petition it is simply stated that the plaintiff applied to the defendants to procure the loan, but it does not state in terms whether the defendants acted as the agents of Mrs. Coleman or of the defendants. In the first count of the amended petition, it is stated that the defendants, in obtaining the loan, acted as the agents of the plaintiff. It seems to us that these two counts should and must be regarded as stating the same cause of action in a different manner.

Now, as to the second counts. In the original petition it is stated that the defendants were acting as the agents of Mrs. Coleman; but the second count in the amended petition does not contain this or any similar averments. On the contrary, we think the facts stated in such count show that the defendants were acting as the agents of the plaintiff. . But, if wrong in this, we are sure the count in this respect must be regarded as sufficient after .verdict. The evidence is not before us, and the finding of the court has the force and effect of a verdict. The second counts in the petition and amended petition are not inconsistent with each other, and they should be construed as each stating the same cause of action in a different manner; and under the second count of the amended petition the plaintiff was entitled to all the relief he obtained.

AFFIRMED.