SEAWELL et al. v. CRAWFORD et al.

(Circuit Court, S. D. Ohio, E. D. May 11, 1893.)

Nos. 501, 502, and 503.

OPENING DEFAULT—JUDGMENT ON AMENDED PLEADINGS.

In an ejectment suit amended petitions were filed, being complete in themselves, and showing on their face that they were not mere amendments, but new pleadings, stating new causes of action, and bringing in new parties. Defendants thereupon took leave to answer in 30 days. *Held*, that a judgment for plaintiff by default would not be set aside after the end of the term on the ground that the original answers making up issues of fact were still on file; for the taking leave to answer was an abandonment of the original issues.

At Law. Actions of ejectment by J. Hairston Seawell and others against Nancy Crawford and others. On motions to set aside default judgments in favor of plaintiffs. Denied.

Matthews & Cleveland, for plaintiffs.
Gardner & Jones, for defendants.

SAGE, District Judge. These cases are before the court on motions filed August 27, 1892, to set aside default judgments taken

December 16, 1891, and for leave to file answers to the amended petitions. The motions are made under section 5354 of the Ohio Revised Statutes. There having been no trial by jury, section 726 of the Revised Statutes of the United States does not apply, and the practice may be according to the state law. Clark v. Sohier, 1 Woodb. & M. 368. The term at which the judgments were taken closed on the first Monday of June, 1892. The original petitions were filed in 1889, and the answers of some of the defendants August 20, 1890. In January, 1891, the amended petitions were filed by leave of court. In case 502 new parties were added, and in all the cases new causes of action were stated. The amended petitions are complete, and show on their face that they are not mere amendments, but new pleadings. Defendants' counsel were notified, and moved to strike the amended petitions from the files for that they were for different and other causes of action from those set forth in the original petitions, and that they purported to entirely change the cases from actions at law to suits in equity. On the 21st of February, 1891, these motions were overruled, and the defendants were given 30 days in which to answer the amended petitions. The leave expired. No answers were filed. Counsel for plaintiffs waited more than eight months, and then, the defendants being still in default, took judgments. Finally, in August, 1892, eight months later, and more than two months after the expiration of the term at which the judgments were rendered, they filed their motions for new trial on the ground that the judgments were irregularly obtained, in that the answers to the original petitions were still on the files and made up issues of fact in the cases, so that they were not in default. If this were so, there is no showing of any reason or excuse for the failure to move for new trial during the term. But it was not so. The amended petitions were new pleadings, substituted for the original pleadings. They added to the original petitions in ejectment a claim in each case for mesne profits and a prayer for partition at law. Counsel for defendants were not misled. They might have had an order that the answers to the original petitions be taken as answers to the amended petitions, but they did not choose to take such an order. They took, instead, leave to answer in thirty days, and then apparently took leave of the case, until eight months after judgment, and two months after the term. If there was any irregularity in the proceedings it certainly was not on the part of the plaintiffs or their counsel.

In Robinson v. Keys, 9 Humph. 144, leave was given to plaintiff to amend his declaration, and to defendant to plead to the declaration as amended. It was held that by these leaves there was an abandonment of all existing issues, and that, if the defendant failed to plead to the amended declaration, the plaintiff was entitled to judgment by default, notwithstanding the plea of the general issue to the original declaration remained on file. The court said that the question might be otherwise had the defendant not shown such abandonment by taking leave to plead. This decision is in accord with Huckvale v. Kendal, 3 Barn. & Ald. 137. In that case

there was a failure to plead to an amended declaration, and a judgment by default was taken, to which the court said the plaintiff was entitled, although the defendant had pleaded the general issue to the original declaration. In Brown v. Railroad Co., 18 N. Y. 495, 496, it was held that, when a pleading is amended, the original pleading ceases to be a part of the record, because the party pleading, having the power, has elected to make the change. So, also, filing an amended answer is an abandonment of not inconsistent defenses in the original answer. First Nat. Bank v. W. U. Tel. Co., 30 Ohio St. 555, 569. Stevens v. Thompson, 5 Kan. 305, cited by counsel for defendants, does not apply. There a reply had been filed to the original answer. A new party plaintiff was added, and there was no leave to plead anew. The citation from Cohen v. Hamill, 8 Kan. 621, is obiter. It appeared from the record before the supreme court that there had been no judgment by default, and that the case had been tried on its merits. There was no leave or rule to plead in that case. In Cavanaugh v. Tuller, 9 Kan. 233, the plaintiff, after filing an amended petition, under leave obtained by him, replied to the original answer, thus recognizing it as an answer to his amended petition. Kostendader v. Pierce, 37 Iowa, 645, turned upon the construction of the Iowa Code.

The motions for new trial will be overruled, with costs.