## WHITE v. TUCKER.

1. EVIDENCE: RELEASE. A witness incompetent by reason of interest, may be rendered competent by the execution of a sufficient release.
2. SAME. The Supreme Court will not interfere with the ruling of the court below upon the sufficiency of a release, when such release does not appear in the record, or it is not otherwise made manifest that such ruling is erroneous.
3. SAME. After a witness has been rendered competent by the execution of a release, evidence to show interest is not admissable unless the interest has arisen since such execution.
4. SAME: DECLARATIONS. The declarations of a witness showing that he is interested in the action pending, are not admissable for the purpose of effecting his competency.
5. SAME: BOOKS OF ACCOUNT. When an account was kept by agreement

of parties, in a book belonging to a firm, of which one of the parties was a member, in an action on the account, *held*, that the book was admissable in evidence, the necessary preliminary proof having been made.

6. SAME: REFERENCE. A witness may refresh his memory by reference to a book of account kept by himself, even though the book itself is inadmissable.

*Appeal from Linn District Court.*

TUESDAY, JUNE 14.

This was an action on an account. The material facts are presented in the opinion of the court.

*Preston & Thompson*, for the appellants, relied on 5 Peters 530, 561; 5 Mason 177; 2 Peters 187, 197; 5 Cowen 689; 11 Wend. 87.

*Smyth, Young & Smyth*, for the appellees, cited 1 Greenl. Ev. sec's 496–428, 436–438.

STOCKTON, J.—The witness, Lyons, was shown to have been a partner of the plaintiff, and jointly interested in the account sued on, at the time the suit was brought; and the court ruled that he was not a competent witness to testify for the plaintiff, "whereupon, (the bill of exception states,) the witness, Lyons, executed to plaintiff a release, and plaintiff a release to Lyons, and plaintiff then again offered said Lyons as a witness. The court held that by virtue of the release, Lyons was a competent witness for plaintiff, and permitted him to testify, and he gave testimony material to the issue." In another part of the record, it is stated, that "the witness Lyons was objected to on the ground of interest, and the court found, at the time of the commencement of the suit, the said witness was interested in the account upon which the suit was brought; that his interest as partner still existed; and that by reason thereof, he was incompetent to testify in the cause as a witness. Whereupon, and after such ruling by the court, the plaintiff, and the witness Lyons, exe-

cuted mutual releases, and plaintiff again called Lyons as a witness. Defendant again objected to the competency of the witness, on the ground of interest, and proposed to show the interest of the witness by testimony other than that of the witness. The court refused to hear the testimony, and permitted Lyons to be sworn as a witness, and to give material evidence for the plaintiff."

The question made in the District Court, and in this court, is as to the competency of the witness Lyons, after the execution of the release. The District Court ruled that the release was sufficient; and that decision must be held by us to have been correct, in the absence of any means on our part, of judging of its sufficiency, or of reviewing the decision of the District Court. The release executed, is not made part of the record, and as a release might have been executed which would have rendered the witness competent, the action of the District Court must be sustained, unless the error in its ruling is made manifest.

So far as we are able to perceive, no question was made in the District Court, as to the right of a partner to recover in his own name, on an account of the firm, where the interest of his co-partner is released or assigned to him. The question is consequently, not decided by this court.

After the witness had executed to the plaintiff a release, which, under the ruling of the court, was sufficient to render him a competent witness for the plaintiff, we think there was no error in the refusal of the court to permit the defendant to introduce other testimony, to show an interest of the witness not arising subsequent to the release. The defendant proposed to prove by one Cook, and by one Berry, the declarations of Lyons, as to his interest in the account sued on. This testimony was objected to, and we think the court properly excluded the same.

A portion of the account of the plaintiff against the defendant, was by arrangement with the witness Lyons, kept by him in the book of accounts of White & Lyons. This was done by and at the request of the plaintiff and the de-

fendant.   We think there was no error in the ruling of the court, in permitting this account to be proved against the defendant, from the book, as other accounts are allowed to be proved under the statute.   The necessary preliminary proof being first made, the plaintiff was at liberty to prove the account by the book.

Another portion of the claim of plaintiff against defendant, was for an account of lumber sawed by Mann & Leffler, for defendant.   The contract for sawing the lumber, was made by and between the plaintiff and the defendant, and the plaintiff proved the sawing to be done by the said Mann & Leffler, and it was charged on their books to defendant. The plaintiff offered to prove the account by the books of Mann & Leffler, but the court refused to permit the same to be given in evidence, but permitted Samuel Mann, a witness for the plaintiff, to prove that he made the entries in the book, and knew that the same were just and correct.

We think there was no valid objection to permitting the witness to refresh his memory from the book of accounts. The account was between the plaintiff and the defendant, and not between Mann & Leffler and the defendant, the said Mann & Leffler having been employed by plaintiff to do the work, of which they kept account in their books.

The instruction asked by the defendant, to the effect that "the transfer or assignment of an account, to enable the assignee to sue thereon, in his own name, must be made in writing," was irrelevant, and was properly refused.

Judgment affirmed.