## PHARO *et al.* v. JOHNSON, Executor.

1. RECORD OF RULING. The Supreme Court will not consider an assignment of error based on an alleged refusal of the Court below to receive a deposition in evidence, when the only mention of the deposition in the record is in the motion for a new trial. (Citing *White* v. *Tucker*, 9 Iowa, 100; *Shellenberger* v. *Warde*, 8 Id., 425; *Wheeler* v. *Smith*, 13 Id., 564; *Harman* v. *Chandler*, 3 Id., 150; *Herring* v. *The State of Iowa*, 1 Id., 205.)

2. ISSUES: JURY. The Court, and not the jury, should determine the issues made by the pleadings. (*McKinney* v. *Hartman*, 4 Iowa, 154.)

3. PLEADING CLEARLY. It is the duty of the Court to require parties to so plead as to present the causes of action and defense clearly.

4. AMENDED PLEADING. When an amendment to an answer does not take the place of the original on file, the two will be considered together in determining the issues joined.

*Appeal from Henry District Court.*

THURSDAY, APRIL 7.

PLAINTIFFS filed their claim in the County Court against the executor of the estate of Eli Bond. The cause of action was a note purporting to be made by Collins & Bond. The claim was allowed in the County Court; but on appeal to the District Court there was a verdict for defendant, judgment thereon, and plaintiffs appeal.

*Marsh & Craig* for the appellants.

*Clark & Doolittle* for the appellee.

WRIGHT, Ch. J. — 1. The objection that the deposition of one Smith should have been received on the hearing in District Court (having been used, as is claimed, in the County Court), cannot be considered by us. It nowhere appears that such deposition ever had an existence, or was ever used or offered to be used as testimony, save in plaintiff's motion for a new trial. It is there averred that such a deposition was offered and rejected, but there is nothing in the record to sustain such statement. *White* v. *Tucker*, 9 Iowa, 100; *Shellenberger* v. *Ward*, 8 Id., 425; *Wheeler* v. *Smith*, 13 Id., 564; *Harmon* v. *Chandler*, 3 Id., 150; *Herring* v. *The State*, 1 Id., 205.

2. The instructions asked by plaintiffs, and refused and modified by the Court, were so clearly erroneous, under the rule recognized in *McKinney* v. *Hartman*, 4 Iowa, 154, that we need not examine them in detail. The rule that the Court, and not the jury, must determine the issues made by the pleadings, was never more clearly violated than by these instructions.

3. The giving of the instructions asked by defendant was not excepted to in such a manner as to bring them to our attention. They involve the same question, however, as is raised upon the ruling of the Court in receiving certain testimony; and if this ruling was correct, it is conceded that the instructions were properly given.

Plaintiffs' cause of action is a promissory note made in the firm name of Collins & Bond. Collins was the surviving partner, and this proceeding was against the estate of the other partner. On the trial, against plaintiffs' objection, defendant was allowed to offer testimony tending to show that the note was not the joint undertaking of Collins & Bond, and that, at the time of its execution, no such

partnership existed empowered to give the same.    The objection to this testimony was based upon the ground that defendant, in an amendment to her original answer, admitted the very matters which she thus sought to disprove.

It cannot be denied that the amendment is apparently in conflict with the matter stated in the first or original answer.    The last pleading, however, was not an amended answer, taking the place of the first, but was filed as an amendment or further answer.    The original, which very clearly and specifically denied the execution of the note, and the alleged partnership, remained on the files, no word of objection being made by plaintiffs, that the issues as presented were conflicting, nor any effort made to have them more certain or single.    It frequently happens that the issues made up before justices, and in the County Court, are thus confused, and seemingly, if not actually, conflicting. Often it is very difficult to gather from the entire mass of papers what the real defense or issue was.    Under such circumstances, while we would not visit upon one party the consequence of bad or random pleading on the part of his adversary, nor lose sight of the duty of all courts to compel parties to so plead as to intelligently and clearly present their causes of action or defenses, yet, when it appears that the case has probably been fairly tried, and the complaining party cannot reasonably claim to have been taken by surprise, we would not interfere to relieve him.

The pleadings in this case, as in all others, should be construed together.    And when it is remembered that the first answer (sworn to) positively denied the execution of the note by the firm, as also the existence of the partnership at the time of making the same, it seems to us it would be doing violence to language to say that the amendment really admitted what was thus denied.    The more consistent construction is that defendant intended to set up the further defense that plaintiff's remedy was against Collins,

as the surviving partner, and that he (Collins), and not the estate of the decedent, was alone liable. And what is said about who composed the firm of Collins & Bond, and about the note in suit being the joint note of such a firm, is not to be taken as the admission of a fact (these matters are not stated in the form of admission), but as preliminary to, or as a method (unnecessary, it may be conceded), of identify-ing the claim which she was contesting. A contrary view would place defendant in the attitude of admitting on the record what she had previously denied under her solemn oath. And that this was not intended, and that plaintiffs did not so understand, we think is but too apparent from the entire record.

Affirmed.