Mather v. Butler County.

## Mather v. Butler County.

| 28 | 253 |
| 94 | 326 |
| 28 | 253 |
| 124 | 543 |
| 28 | .253 |
| 141 | 650 |

1. Evidence: QUANTUM MERUIT: CONTRACT. In an action to recover upon a *quantum meruit*, for work done in the erection of a building, the court below ruled in the progress of the trial, that, as it appeared that there were written contracts, and that the work had been commenced under them, the plaintiff should introduce them in evidence. *Held*, that in this ruling there was, under the circumstances of the case, no error sufficient to reverse the judgment.

2. Contract: SUBSTITUTION OF NEW ONE: EVIDENCE. Plaintiff and defendant entered into a written contract for work to be performed and materials to be furnished by the former, in the erection of a building, the price which he was to receive therefor being fixed in the contract. Plaintiff commenced work under this contract, and received a certain sum, which was shown to be equal to the amount of work then done. The parties then agreed upon certain changes which increased the labor and the price, and a second contract was made embodying these changes, revising the original plan, and fixing the price to be received. *Held*, that the second contract was a substitution for the first one, and an abandonment of it so far as it then remained unperformed, and that there was no error in refusing

to allow evidence *aliundo* to show that it was understood between the parties that the second contract was not a substitution for the first.

3. —— QUANTUM MERUIT. Under a *quantum meruit* count a party may claim and recover for materials furnished and work done, under a special contract, where the contract has been abandoned, or has been fully performed on his part, and the purpose of the action is to recover the compensation unpaid; but while in such an action he may recover for extra or additional work, not specified in the contract, what the same was reasonably worth, he will be held to the price fixed by the written contract for work embodied in or covered by it.

4. —— ABANDONMENT OF CONTRACT. The performance of additional work by the builder, not specified in the written contract, by reason of certain changes in the building, desired by the other party, will not amount to an abandonment of the contract, and thereby enable the builder to recover upon a *quantum meruit* for *all* the work performed, regardless of the price fixed by the contract.

5. Damages: DUTY OF PARTY TO PREVENT. In an action wherein a claim was made for damages resulting from alleged defects in the construction of a building, it was held erroneous for the court to refuse to instruct the jury, that if the party could have protected himself from damage which would naturally result from the alleged defects, he was bound to do so at a moderate expense, and by ordinary efforts, if practicable, and could only charge the other party for such expense and efforts, and for the damage which he could not have prevented by the exercise of due diligence.

*Appeal from Black Hawk District Court.*

TUESDAY, OCTOBER 26.

CONTRACT: QUANTUM MERUIT: "EXTRAS": DAMAGES, ETC. — The history of this cause prior to the last trial appears in 16 Iowa, 59.

The plaintiff first declared on the written contracts by which he was to furnish the materials and do the carpenter work for the defendant's court-house. The first contract was made June 9, 1856; the second May 14, 1857.

Before the trial the plaintiff withdrew all claims based upon the written contracts, and rested his right to recover upon his common or *quantum meruit* count, this being

accompanied with a bill of items, embracing all the materials furnished and work done by the plaintiff upon the court-house.

The answer set up that all the work and materials mentioned in the said bill of items were done and furnished under written contracts, adds copies of the same, and alleges full payment.

The answer also sets up a cross claim against the plaintiff for damages caused by defective work, etc.

Witnesses were introduced on both sides, and the jury, after being charged by the court, returned a verdict for the plaintiff. The plaintiff, not being satisfied with the amount, moved for a new trial, which was denied, and he appeals. There was evidence tending to show that the county had used and accepted the court-house.

The other necessary facts appear in the opinion of the court.

*Hewett & Dodge* for the appellant.

*B. W. Poor* for the appellee.

DILLON, Ch. J.—That there were two written contracts 1. EVIDENCE: between the parties having reference to the quantum meruit: contract. work done and materials furnished by the plaintiff for the court-house, was an undisputed fact.

The plaintiff, on the trial, sought to ignore these contracts and to recover upon the common count. The court ruled, that as it appeared that there were written contracts, and that the work had been commenced under them, that the plaintiff should introduce them in evidence. The plaintiff excepted. In this there was no error, or, at all events, none for which we can reverse the judgment. The cause was tried upon its merits, and, even if the court technically erred (which we do not admit) as to which party should introduce the undisputed

written contracts, this error alone ought not to operate to reverse the judgment, at least not under the circumstances disclosed in the present record. *Smith* v. *Smith*, 1 Sandf. S. C. 206.

II. A material question respecting which the parties differed was this: Did the second contract supersede and abrogate the first, or was it merely supplemental to it? By the first, the plaintiff was to receive $1,500 for the work and material therein specified.

2. CONTRACT: substitution of new one: evidence.

He commenced work under it and received $500, which he admitted to witnesses to equal the work done. The county judge desired to make changes, which increased the price. The second contract was then made, the original plan "revised," and $2,750 was the price agreed to be paid for the work and materials. This $2,750 the plaintiff admitted he had received. The two contracts related to the same subject-matter.

Reciting these circumstances, the court charged "that the execution of the second contract was in law a substitution for the first, and an abandonment of it so far as it then remained unperformed; that what the plaintiff had performed under it and what he had received under it were thereby closed, and the new contract controlled as to future materials, work and prices, according to its provisions."

We have examined the two contracts, and whether regarded by themselves alone, or in the light of the circumstances under which they were concluded, it is our opinion that there was no error in the view of the court. They were not intended to co-exist, but the second was designed to take the place of the first, and to embody the whole agreement of the parties.

This being so, there was no error in the ruling of the court on the trial, refusing to allow *aliunde* verbal testi-

mony to show that it was understood between the parties that the second was not a substitute for the first.

III. Speaking of the plaintiff's claim to recover on the *quantum meruit* count, with the items attached, the court charged the jury in these words : " Under such a count a party may claim and recover for materials furnished and work done under a special contract where the contract has been abandoned, or has been fully performed on his part, and the purpose of the action is to recover the compensation unpaid. But a party cannot, by bringing his action in this form, recover for the materials or for work furnished or done under a special contract, a compensation larger or other than the price and value therefor fixed in the contract."

3. —— quantum meruit.

By a subsequent instruction the court also charged, that, for *work done under the contract*, the plaintiff cannot in this action recover any other or greater compensation than that fixed by the contract.

On the other hand the court charged, that, if after the second contract was made, changes were desired by the defendant, " whereby the plaintiff furnished materials and did work not included or provided for in said second contract, or was put to increased expense, then he should be allowed therefor such reasonable compensation as the same are worth as shown by the evidence."

This charge, and the language in which it is framed, have been very sharply criticised by counsel. The doctrine laid down is correct, and the language employed to express it unobjectionable. 2 Greenl. Ev. §§ 103, 104, and authorities cited.

The court limits the doctrine to materials furnished and work *done under a special contract.* Of course, in such case the contract price governs, even though the plaintiff may be entitled to recover as upon a *quantum meruit.* The mistake in the counsel's argument consists

in overlooking the limitation with which the court accompanies the enunciation of the principle.

The substance of the charge was, that for work done under the contract the contract price should govern, and that for work done outside of the contract, or not done under it, the plaintiff should be allowed its reasonable value. This was right in the abstract, and was also right in view of the circumstances of the case as exhibited by the evidence, all of which is in the record.

While on this subject it will be proper to allude to a *—— abandonment of contract.* view which the plaintiff asked the court to put in certain instructions, which were refused.

There was evidence tending to show, that, after the second contract was made, the windows were enlarged, and the building raised some five feet higher, by the direction of the county judge. There is also evidence tending to show that the county judge ordered gutters, and some other improvements not in the written contract or specifications.

But it is quite clear that there was no abandonment of the written contract or specifications.

The plaintiff asked, but the court refused to give, this instruction : " That if there has been a special contract fixing the price of the court-house, and that special contract has been departed from, and varied, by the direction of the defendant, so as to materially change the character and quality of the work, then under the plaintiff's petition he may recover the full value of the work and materials, though it exceeds the sum named in the special contract." Other instructions to the same purport were also refused.

The instruction thus refused was inapplicable to the case before the court. There was no such state of case as to justify a charge looking toward an entire rejection

of the contract so as to allow a recovery without reference to it, and without being bound by it, as far as the work therein provided for had not been changed. *Hummer* v. *Lockwood*, 3 G. Greene, 90 ; *Stewart* v. *Craig*, id. 505, 506. *Deibol* v. *Minett*, 9 Iowa, 403.

On the trial the plaintiff sought to rescue his case from the written contract, and keep it from its operation, and thus become entitled to recover the value of the work and materials without any reference to the contract price.

The court gave, in our opinion, due and proper effect to the contract, and held that the alleged changes did not amount to an abandonment of it. Its rulings on the trial were made on this view, and we do not deem it necessary to discuss more at length the particular manner in which this substantial question arose for decision.

Nor is it deemed essential more especially to notice other points pressed in argument. They have all been duly considered, and the court reach the result that there was no error in the action of the court, except in the particular next to be noticed.

IV. The defendant had a set-off or cross claim arising out of damages claimed to have been occasioned by defective work and materials. There was evidence offered by the defendant tending to show, that, owing to the imperfect manner in which the belfry was constructed, the roof leaked, and this caused the plastering, sometime afterward, to fall, and that it would cost one hundred dollars to make good the damage by replacing the plastering. Concerning this subject, the plaintiff asked the court to give the following instruction, which was refused :

5. DAMAGES: duty of party to prevent.

" That, if the defendant could have protected itself from damage which would naturally result from the alleged defects in the construction of said court-house, it

was bound to do so, if practicable, at a moderate expense or by ordinary efforts, and it can charge the plaintiff for such expense and efforts only, and for the damages which could not be prevented by the exercise of due diligence."

The court's instructions contained no reference whatever to this point. Without more particularly alluding to the circumstances of the case before the court, it is our opinion that the instruction asked was pertinent, and the case one to which the doctrine asserted (which should be cautiously applied) was applicable.

The doctrine itself has been before recognized in this court in almost the identical language of the instruction which was refused. *Davis* v. *Fish*, 1 G. Greene, 406, 409. See, also, *Miller* v. *The Mariners' Church*, 7 Greenl. (Me.) 57; *Soker* v. *Damon*, 17 Pick. 284.

For this error the judgment must be reversed, unless the defendant consents that the plaintiff's damages may be increased to the extent of one hundred dollars, the largest amount to which the error could, under the evidence, have operated to the plaintiff's injury.

Reversed.