## WEST v. MOODY.

1. Justice of the peace: PLEADING: PAYMENT. The technical rules of pleading will not be enforced in a trial before a justice of the peace.

2. —— It was accordingly *held*, in an action upon an account before a justice, that the defendant might prove payment at the time he received the articles, under a general denial of all indebtedness.

3. Pleading: SET-OFF. A defendant may properly plead as a set-off or cross demand, an account which he in fact owned at the time of the commencement of the action, though the written assignment of it from the person of whom he purchased it, purported to be subsequent to that date.

4. —— DETERMINATION OF ISSUES. It is the province of the court to determine what issues are raised by the pleadings; and it is error to refer such determination to the jury.

5. Justice of the peace: PLEADING. Where a trial of a cause has been had before a justice of the peace, it will be presumed, on appeal, that there was a trial on the merits; and that a set-off pleaded by the defendant was orally denied. The statute directing oral pleadings to be reduced to writing by the justice, is merely directory.

*Appeal from Fayette Circuit Court.*

TUESDAY, DECEMBER 21.

THIS action was originally brought before a justice of the peace by notice, without petition, claiming $25.00 on book account. Defendant filed a written pleading, deny-

ing being indebted to the plaintiff on book account, or in any manner or sum whatever, and pleading a set-off against the plaintiff, part of which was an account against plaintiff due one Goodman, and by him assigned in writing to defendant, dated September 17, 1870. The action was commenced subsequent to this date. The record does not show affirmatively that defendant's set-off was formally controverted. The cause was tried before the justice and judgment rendered for plaintiff. Defendant appealed to the circuit court, where the cause was tried to a jury. Verdict and judgment for plaintiff, and defendant appeals to this court. The further facts are stated in the opinion.

*McClintock & Rickel* for the appellant.

No appearance for the appellee.

MILLER, J. — I. On the trial in the circuit court, defendant offered to prove that at the time of the delivery of

1. JUSTICE OF THE PEACE: pleading: payment.

the hog charged for in plaintiff's account, the same was paid for by defendant. On plaintiff's objection, this evidence was excluded, on the ground that defendant had not pleaded payment. This ruling is assigned as error.

Under the denial of indebtedness, though not technically exact, this evidence should have been admitted. In view of the liberality extended to proceedings before justices of the peace, where written pleadings are not required, in ordinary cases, and even where there are written pleadings, technicality of pleadings or exact correspondence in the proof is not required, the court erred in excluding this evidence. It was proposed to prove that, at the time of the sale and delivery of the hog, it was paid for by the defendant. This fact was part of the transaction. The plaintiff having shown the sale and delivery, the defendant had a right to show contemporaneous payment. See as to pleadings before justices of the peace,

*Blake* v. *Graves*, 18 Iowa, 312, and cases cited ; and see also *Greff* v. *Blake*, 16 id. 222. The exclusion of the evidence offered by defendant to show the admissions of the plaintiff of payment and satisfaction of his account, was also erroneous for the above reasons.

II. Defendant testified before the circuit court that, before suit was brought, he had purchased the account assigned to him by Goodman, and had paid him the full amount thereof. Goodman was then called by plaintiff, and testified that the written assignment was made on the 27th, instead of the 17th of September, 1870, as stated in the writing. Defendant then proposed to show, by the same witness, that the claim was verbally assigned to him *prior to the time the written* assignment bears date, and that he then paid the assignor therefor. This was objected to by plaintiff, and the evidence excluded. In this, also, there was error. If the defendant was the *real* owner of the claim prior to the commencement of the action, he could properly set it up as a set-off or cross-demand. If it had been actually sold and transferred to him by a valid, though *verbal* contract, he might, under our system of pleading and practice, maintain an action thereon or plead it as a set-off, if held by him at the time suit was commenced. *Conyngham* v. *Smith*, 16 Iowa, 471; *Cottle* v. *Cole & Cole*, 20 id. 485.

*Margin note: 8. PLEADING: set-off.*

III. Defendant requested the court to instruct the jury as follows: "If the jury find from the pleading that there is no denial of the allegations of defendant's answer, then the same are to be taken as true for the purpose of this cause, except as to allegations of value or damages," which was refused, and this ruling is assigned as error.

*Margin note: 4.—— determination of issues.*

This instruction was properly refused: *First.* Because it left the jury to determine what the issues were from the pleadings. This is the province and duty of the court, and should not be left to the jury. *Pharo et al.* v. *John-*

*son, executor*, 15 Iowa, 560; *Corse Bros.* v. *Sanford*, 14 id. 235; *Reid* v. *Mason*, id. 541; *McKinley* v. *Hartman*, 4 id. 154.

*Second.* The transcript of the justice shows that there was a trial of the cause before him, which implies a trial on the merits. The plaintiff was not bound to controvert defendant's set-off by a written pleading. He might do so orally. The statute directing oral pleadings to be reduced to writing by the justice is directory, and a party is not to be prejudiced by his failure to do so. *Sinnamon* v. *Melbourn*, 4 G. Greene, 309. From the fact that there was a trial before the justice, we will presume, in the absence of any thing appearing to the contrary, that there was an issue formed, by oral denial, on defendant's set-off. To hold parties to technical exactness in pleading before justices of the peace would defeat the plain policy of the law. *Hall* v. *Monahan*, 1 Iowa, 554.

*5. Justice of the peace: pleading.*

There was, therefore, no error in the refusal to give this instruction. For the errors before mentioned, however, the judgment is

Reversed.