## SIMPSON AND SIMPSON v. THE CITY OF KEOKUK.

1. Damages: DUTY OF PREVENTION: MUNICIPAL CORPORATION. In an action against a city for damages caused to plaintiffs' lot by water accumulating thereon, in consequence of the negligent manner in which the street gutters were constructed, the plaintiffs cannot recover if it appears that they could have prevented the injury by the use of ordinary efforts or at a moderate expense.

2. —— In was according *held*, in such an action, that an instruction by the court to the jury, to the effect that they " must find for the plaintiffs, unless a *slight* expense and *slight* effort would have prevented the injury," was erroneous.

*Appeal from Lee Circuit Court.*

THURSDAY, JULY 25.

ACTION to recover damages suffered by the plaintiffs, for the alleged careless and negligent manner in which the defendant had constructed the gutters and drains in the streets and alleys on which plaintiffs' property abutted. The plaintiffs claimed for damages suffered in 1862, and continuously thereafter, up to the date of bringing suit, July, 1871. A demurrer to all claims, prior to five years before suit, was sustained. The answer of defendant is in denial. Trial to a jury; verdict and judgment for plaintiffs for $750. The defendant appeals.

*William B. Collins* for the appellant.

*S. F. Marshall & Son* and *John H. Craig* for the appellees.

COLE, J. — The errors assigned relate to the instructions given by the court to the jury. Among others, the court gave the following: If the jury find that the plaintiffs' property was damaged by water accumulating on their premises by and through the negligence or carelessness on the part of the corporation and its officers and employees, then they must find for the plaintiffs, *unless a slight expense and slight effort would have prevented the injury*."

The words in italics were annexed to several other instructions, and, in one case, had added to them, also, the words, "*compared with such damages as may be shown by the evidence*." These words in italics constitute the alleged error mainly relied on to reverse the case. It is claimed, substantially, by the appellant's counsel, that, instead of the words used, the court should have employed the following: "Unless the plaintiffs could have prevented the injury at *a moderate expense*, or *by ordinary efforts*."

The language contended for is, substantially, that which has received the direct approval of this court in several cases for damages, by reason of breach of contract. *Davis* v. *Fish*, 1 G. Greene, 406; *Mather* v. *Butler Co.*, 28 Iowa, 253. See, also, *Loker* v. *Damon*, 17 Pick. 284; Shearm. & Redf. on Neg., §§ 29, 30, 31, 42 and 598. The last citation distinguishes between slight care or diligence, and ordinary care or diligence, and that the latter is the true rule. In this view, also, we concur.

The further question arises, whether the rule is applicable to this case. We think it is. This case is peculiar in its facts. The evidence tends to show that the plaintiffs' lots were lower than the grade of the streets and alleys; that, by doing some filling in the lots near the alley, and making a drain, much, if not all, of plaintiffs' damage might have been avoided. If the plaintiffs, by the use of ordinary diligence and efforts, and at a moderate expense, might have prevented the damage, it seems necessarily to follow, that their negligence contributed to the injury;

and this, upon a well-settled rule, would defeat the plaintiffs' recovery. We do not intimate that it would have been the duty of plaintiffs to interfere with the streets or gutters, so as to change the construction of them.

Reversed.