## LITTLE v. McGUIRE.

1. **Trespass:** NEGLIGENCE: DAMAGES TO PROPERTY BY CATTLE. The owner of property injured by cattle damage feasant is bound to the exercise of ordinary care to prevent the damage. What constitutes such care under given circumstances must be found by the jury.

2. ———: LIABILITY FOR DAMAGES. Under Chapter 26, Laws of 1870, the owner of trespassing stock is liable for the damages done by them without inquiry as to whether the premises trespassed upon were fenced or not.

3. ———: ———. The statute above mentioned is in force without submission to the vote of the county.

4. **Pleading:** EVIDENCE. If a pleading alleges more than is necessary to entitle the party to the relief asked, such unnecessary allegations need not be proved.

*Appeal from Washington District Court.*

THURSDAY, JUNE 18.

THE plaintiff alleges that his premises were enclosed with a lawful fence and that defendant permitted his domestic animals to break into and trespass upon plaintiff's premises, consuming corn, hay and wheat to the damage of plaintiff in the sum of $1,000. Answer in denial. The bill of exceptions shows the following facts:

There was evidence tending to show that there was a partition fence between the lands of the plaintiff and the defendant; that one-half of this partition fence belonged to plaintiff and the other half to defendant; that this partition fence separated defendant's land from land of plaintiff on which alleged trespass was committed. That the evidence further tended to show that there were one or two small gaps in the partition fence through which defendant's cattle escaped on to the premises of plaintiff; that said gaps were on that part of partition fence belonging to defendant; that plaintiff knew of these gaps from the 10th day of January, 1873, until April; that the cattle of defendant came in through these gaps almost daily, from January until April or May, and the plaintiff had all the time

knowledge that cattle were thus trespassing, and saw the cattle every day trespassing. The evidence also tended to show that said partition fence would have been sufficient to keep out said cattle had said gaps been closed; that it would have required but a short time to have closed said gaps, and the plaintiff made no effort to close them. The evidence further tended to show that the corn of the plaintiff, which was destroyed, was in rail pens, only a short distance from the plaintiff's house; that defendant's horses were with plaintiff's knowledge running at said corn pens, from day to day, from January until April; that plaintiff made no effort to cover these corn pens or to remove the corn. The evidence also tended to show that plaintiff's hay stacks, which were partly destroyed by defendant's stock, while trespassing, were unfenced; that plaintiff knew that defendant's stock were there trespassing and destroying his hay and made no effort to fence said stacks; that said stacks were where he could see the stock thus trespassing.

The evidence also tended to show that the plaintiff was confined to his bed by sickness during the time of this trespass, but had hired help. That he (plaintiff) had driven the defendant's cattle home on two occasions and requested the defendant to repair the fence. The evidence also tended to show that the defendant had knowledge of the gaps in his fence, and of the trespass. The evidence also tended to show that the gaps were ten rods wide, and no material was on the ground for repairing the fence. There was a jury trial and a verdict and judgment for plaintiff for $70.00. Defendant appeals.

*McJunkin & Henderson*, for appellant.

*A. C. McGuigan, H. & W. Scofield*, and *S. A. Russell*, for appellee.

DAY, J.—The defendant asked the court to instruct the jury as follows:

"If you find from the evidence that the defendant's fence, with the exception of one or two small gaps, was sufficient to

have turned the stock, and find that the plaintiff knew of these gaps, and that the stock would come through such gaps, and after knowing such facts, and knowing that the stock did come through said gaps, and if you find that plaintiff could, with the exercise of ordinary care, have prevented said stock from thus trespassing, and did not do so, he cannot recover for the damage which he might have thus prevented."

"2.   If you find that the plaintiff could, by the use of ordinary care, have prevented the horses and cattle from eating and destroying his hay and corn, he cannot recover for such hay and corn thus destroyed, which by ordinary diligence he might have prevented.   The plaintiff, after he knew the horses and cattle of others were destroying his hay and corn, should have used reasonable caution to have prevented further injury, such as fencing his stacks, and fencing his corn beyond the reach of such stock, provided he could reasonably have done so."

"3.   A man has no right to carelessly look on at the destruction of his property.   It is his duty to use reasonable care to prevent such destruction; and if he fails to use ordinary care, he cannot recover for the injury which by ordinary care he might have prevented."

These instructions were all refused, and defendant excepted. Appellee does not insist that these instructions do not contain correct legal propositions.   See Shearman & Redfield on Negligence, § 598; *Mather v. Butler County*, 28 Iowa, 253; *Simpson v. The City of Keokuk*, 34 Iowa, 568, and cases cited.   It is claimed that the instructions were not applicable to the facts shown, and that moderate expense and ordinary effort would not have been sufficient to prevent the damage.   If it had been proved, as appellee assumes, that the gaps were each ten rods wide, and that there was no material on the ground with which to close them, we might feel compelled to adopt his views.   But proof of a fact, and the production of evidence tending to show a fact, are quite different things.

The bill of exceptions recites that there was evidence tending to show that there were one or two small gaps in the partition fence, which it would have required but a short time

1. TRESPASS: damages by cattle: negligence.

to have closed, and that plaintiff made no effort to close them. The evidence also tended to show that the gaps were ten rods wide, and no material was on the ground for repairing them. It was for the jury to determine which of these facts, which the evidence tended to establish, was proved. And they should have been instructed what was the duty of plaintiff, if they should find the gaps were small, and that they could have been closed in a short time, and with the exercise of ordinary care. It was for the jury to say whether moderate expense and ordinary effort would have been sufficient to prevent the damages.

II. The defendant also assigns error upon the giving of the following instruction:

"If, therefore, you are satisfied by a preponderance of the evidence that defendant's stock did trespass on plaintiffs's premises as claimed, you will allow plaintiff the actual damages which in your judgment he sustained by reason thereof, without inquiring into the question whether plaintiff's premises were or not surrounded by a lawful fence."

This instruction is based upon the provisions of chapter 26, Laws of 1870, and an application to it of the doctrines of *Weir v. Crane*, December Term, 1873. There is no essential

2. ——:——: liability for damages difference in the mode in which this statute was enacted and directed to be submitted to vote, from that pursued in Chapter 144 of the Laws of 1868, construed in *Weir v. Crane*, and following that decision the act of 1870 must be considered in force without submission to vote in a county. The act clearly makes the owner of trespassing stock liable for damages committed, without inquiry as to whether the premises trespassed upon are inclosed with fences. If it does not do so, it works no change in the existing law.

It is claimed, however, that this instruction authorizes an entire departure from the pleadings, inasmuch as plaintiff

4. PLEADING: evidence. alleges that his premises were lawfully enclosed. But § 2729 of the Code, which is a substitute for § 2966 of the Revision, provides that a party shall not be compelled to prove more than is necessary to entitle him to the relief asked for, or any lower degree included therein.

If, therefore, plaintiff has alleged more than is necessary, he need not · prove all he has alleged.· In the giving of this instruction there was no error. For the error already noticed, the judgment is

REVERSED.