## FINCH v. THE CENTRAL RAILROAD OF IOWA.

1. **Practice:** IN JUSTICE'S COURT: PLEADING. It is not necessary to the maintenance of an action before a justice of the peace against a railroad company for double damages for killing stock, that a petition in writing be filed; an oral statement embodying in substance plaintiff's claim is sufficient.

2. **Railroads:** INJURY TO STOCK: COMPENSATION TO OWNER. Where stock has been injured through the negligence of a railway company, it is the duty of the company to take proper care of the injured animals and failing to do so, the owner is justified in taking proper care of them, for which he may recover a reasonable compensation from the company.

*Appeal from Worth Circuit Court.*

WEDNESDAY, DECEMBER 29.

THIS action was brought before a justice of the peace to recover $92.00, as justly due plaintiff as damages for injuring and destroying a cow belonging to plaintiff, and for feeding and taking care of her from the time of injury to the time of her death. On a trial in the justice's court judgment was rendered for plaintiff for the amount of his claim, whereupon the defendant appealed to the Circuit Court, where the cause was tried to a jury, who rendered a verdict for plaintiff for

$92.00 and interest. Judgment being rendered on the verdict, defendant appeals.

*Brown & Sears*, for appellant.

*Hartshorn & Flint*, for appellee.

MILLER, CH. J.—On the trial in the Circuit Court, the plaintiff offered in evidence the following notice and affidavit:

"*To the Central Railroad Company of Iowa:*

"You are hereby notified that the undersigned, Theron Finch, claims of you the sum of fifty-two dollars as damages on account of your neglect in not fencing the line of your track in Worth county, Iowa, whereby the said Theron Finch lost a cow, as shown by the following affidavit.

Dated at Northwood, Iowa, March 21, 1873."

THERON FINCH.

"STATE OF IOWA, }
  WORTH COUNTY, } ss.

"I, Theron Finch, on oath depose and say that on the 3d day of December, 1872, I was the owner of a spotted red and white cow, three years old; that said cow was worth the sum of forty dollars; that on said day the cow above described was injured by a train of the Central Railroad Company of Iowa, so that said cow died on the 19th day of March, 1873, in consequence of the injury aforesaid; that I have sustained damages by reason of the neglect of said railroad company to fence their track, in the loss of the aforesaid cow, in the sum of forty dollars, the value of the cow December 3, 1872, and the further sum of twelve dollars in the expenses of keeping said cow from December 3, 1872, to March 19, 1873, said cow being entirely useless during this time.

THERON FINCH."

"Subscribed and sworn to before me this 21st day of March, A. D. 1873. ED. COLLIN, *Notary Public.*"
  [Notarial Seal.]

The defendant's counsel objected to their admission, which being overruled, he urges the ruling as error.

The particular objection urged is that the notice and affidavit were irrelevant, because double damages were not claimed by plaintiff. The action was commenced before the justice by notice and no petition was filed, but the claim of plaintiff is stated in the docket of the justice, as follows:

"Defendant moves for a more specific statement. Court sustains the motion. Plaintiff amends by saying that he charges twelve dollars for the care and keeping of the cow from the time of injury until the time of death; forty dollars as the value of the cow; and that, not being paid within thirty days after notice given to the company, he claims that it should be double."

No petition was necessary to be filed. The oral pleading of the plaintiff stating his claim was written down by the justice in his docket as the law directs. See Code, section 3530. The pleading thus written down contains the substance of a petition for double damages for an injury caused by defendant to plaintiff's cow, and for compensation for caring for and feeding the cow after such injury. In the pleadings and proceedings in justice's courts great liberality is extended, and the same technical precision in stating a cause of action or defense is not required as in the courts of record. *West v. Moody*, 33 Iowa, 137; *Greff v. Blake*, 16 Id., 222, and cases cited. A good claim for double damages being substantially stated, the objection urged falls to the ground. There was evidence of the service of the notice and delivery of the affidavit as required by law.

1. PRACTICE: in justice's court: pleading.

II. The other assigned errors involve the question whether plaintiff may recover double the value of the animal injured or killed, and also expenses for taking care of and endeavoring to cure her after the injury has happened.

We are of opinion that, under the circumstances of this case, a recovery may be had for such expenses.

The evidence shows that the cow was injured in December, 1872, and died from the effects thereof in March, 1873. It does not appear that the defendant proposed or attempted to take charge of the injured animal, and the circumstances show that it was proper

and necessary that she should be cared for. The plaintiff would not have been justified in abandoning the injured animal or in putting an end to her life. To deny the plaintiff the right to compensation for taking the proper and necessary care of the cow, under the circumstances, would have the effect to encourage the entire abandonment of animals thus injured by railroad companies. This would be revolting to our better nature, and a violation of the duty man owes to the animal creation.

While the statute fixes the value of the property as the measure of damages for its injury or destruction, it does not necessarily exclude the claim of the plaintiff for taking care of his property in case of injury. The railroad company, being in the wrong in doing the injury, should either take the proper and necessary care of the injured animal or compensate the owner for so doing, where the injury is such as to justify and demand such care. And upon principle, if the railroad company neglects to care for an animal so injured by it, the owner is in duty bound to do it himself, when he can do so by the exercise of reasonable diligence. A man has no right to carelessly look on at the destruction of his property. It is his duty to use reasonable care to prevent such destruction. *Mather v. Butler County*, 28 Iowa, 253; *Simpson v. The City of Keokuk*, 34 Id., 568; *Little v. McGuire*, 38 Id., 560; and where the wrongful act of another has made it necessary for the owner of property to expend money or perform labor in order to prevent a greater damage the latter should be reimbursed by the wrong-doer. *Mather v. Butler Co., supra.* See, also, *Van Pelt v. City of Davenport, infra.*

We find no error in the record to the prejudice of the defendant. The judgment must, therefore, stand.

AFFIRMED.