## LITTLE v. McGUIRE.

1. **Trespass**: LIABILITY FOR DAMAGES BY STOCK. A person is not liable to the owner of adjacent property for trespasses thereon committed by stock which reached it through his premises.

2. **Damages**: ORDINARY CARE: TRESPASS. A person cannot recover damages for a trespass which he might have prevented by the exercise of ordinary care.

3. ———: ———: ———. What a person of ordinary prudence would do or omit to do in a given case furnishes a proper test of the care which one is bound to exercise before he can recover for injury to his property by trespass.

4. **Instructions**: STATEMENT OF ISSUES. The court should state the issues to the jury in a plain and positive manner, although a reversal will not be granted on the ground that the hypothetical form of statement was used in an instruction, when it wrought no substantial prejudice.

5. **Evidence**: JURY. The jury may be instructed that they are the sole judges of the credibility of the witnesses, and may consider their appearance, their relation to the case and the reasonableness of their statements.

6. **Jury**: FEES MAY BE TAXED: CONSTITUTIONAL LAW. The statute authorizing the jury's fees to be taxed to the unsuccessful party is not in conflict with the constitution.

*Appeal from Washington District Court.*

MONDAY, JUNE 12.

THE plaintiff claims one thousand dollars on account of alleged damage done by the domestic animals of defendant to plaintiff's corn, hay, fall wheat, fruit trees, shrubbery, etc. The answer is a general denial. At the January term, 1874, there was a jury trial resulting in a verdict and judgment for plaintiff for $70. On appeal to this court this judgment was reversed and the cause was remanded for a new trial. At the January term, 1875, the cause was again tried, resulting in a verdict for plaintiff for $20. It appearing that, on the 22d day of January, 1874, defendant had offered to confess judgment for $25 and costs to that date, judgment was entered for plaintiff for $20 and costs to the date of the offer

| 43 | 447 |
| 80 | 462 |
| 43 | 447 |
| 86 | 200 |
| 43 | 447 |
| 87 | 125 |
| 43 | 447 |
| 94 | 690 |
| 43 | 447 |
| 108 | 422 |
| 43 | 447 |
| 109 | 638 |
| 43 | 447 |
| 116 | 309 |
| 43 | 447 |
| 131 | 13 |
| 43 | 447 |
| f141 | 693 |

to confess, amounting to $36.55; and judgment was rendered against plaintiff for $668, the remaining costs, in which were included the jury fees of the two trials, amounting to $180. The defendant appeals. For the opinion upon the former appeal, see 38 Iowa, 560.

*H. & W. Scofield,* for appellant.

*McJunkin, Henderson & Jones,* for appellee.

· DAY, J.—I. Testimony was introduced tending to show that the stock of others, being unlawfully on the premises of defendant, passed upon plaintiff's premises through a fence which it was the defendant's duty to maintain.

Upon this branch of the case the court instructed the jury that "the defendant is not liable for trespasses committed by the stock of others, even though they came through defendant's partition fence." The defendant assigns the giving of this instruction as error. Under the law in force when these trespasses were committed, the owner of domestic animals was liable for all damages done by them. The animals in question being unlawfully on defendant's premises, the owners of them were liable to the defendant, as well as to the plaintiff, for the damages done by them. It was defendant's duty to restrain his own stock from entering upon and injuring plaintiff's premises; but it was no part of his duty to maintain fences to restrain the stock of third persons. The instruction is not erroneous.

1. TRESPASS: stock.

II. The court in substance directed the jury that if plaintiff, by the exercise of ordinary care and prudence, might have avoided or diminished the damage, and he failed to exercise such care, he could not recover for such damage as the exercise of ordinary care would have prevented. The defendant assigns the giving of this instruction as error. It was for a refusal to give an instruction substantially the same as this, that the cause was before reversed. 38 Iowa, 562. Of the correctness of the instruction we entertain no doubt.

2. DAMAGES: ordinary care: trespass.

III. The court instructed the jury as follows: "Ordinary

care and prudence consists in doing everything which a man
3. ——: ——: of such care and prudence would do, and in omit-
——· ting to do everything which a person of like care
and prudence would omit; but the law does not require at the
hands of any such person the use of extraordinary or unusual
care, or the exercise of unusual diligence."

This instruction is claimed to be erroneous. Whilst it may
differ in phraseology from the definition of ordinary care con-
tained in some cases, still we think it is correct. What a per-
son of ordinary care and prudence would do in a given case,
furnishes a fair and reasonable test of ordinary care. The
omission of anything which an ordinarily prudent person
would do, is a failure to do that which ordinary prudence sug-
gests. Hence, a person cannot exercise ordinary care, with-
out, in the language of the instruction, doing everything which
a man of ordinary care would do.

IV. The court instructed the jury as follows: " If the
plaintiff seeks to recover damages for an injury to the fall
wheat, and this is susceptible of being estimated in a fair and
reasonable manner, and this injury was the result of the alleged
trespasses, then you should allow for it such sum as the evi-
dence shows ought to be given; but if from the nature of the
crop you cannot come to any reasonable conclusion, you will
disregard it in your estimate of damages."

Exceptions were not taken to the instructions when given,
but they were filed within three days after the verdict. The
ground of exception then stated to this instruction was that it
was liable to mislead the jury; that plaintiff did seek to
recover for damages to fall wheat as shown by pleadings and
evidence.

The petition, amongst other things, alleges that the defend-
ant permitted his domestic animals * * * to enter and
4. INSTRUC- trespass upon the farm of plaintiff, and they
TION: state- did then and there consume and destroy * * *
ment of
issues. about twenty-six acres of fall wheat, growing
upon said premises. Instead of stating this cause of claim
in the subjunctive, the court should plainly have told the
jury that the plaintiff in his petition claimed damages for

injuring twenty-six acres of wheat. It is the duty of the court to instruct as to the issues. But in view of the plain and unambiguous manner in which this claim for damages is made in the petition, we cannot see how the plaintiff could have been prejudiced by this instruction. It does not appear that the fact that plaintiff sought to recover for damage to his wheat was at any time controverted during the trial. We are inclined to think that the use of the subjunctive form in this instruction was the result of mere inadvertence or mistake, which has worked no substantial prejudice to plaintiff.

V. Error is assigned upon the giving of the following instruction: "You are the sole judges of the credibility of the witnesses, and it is not only your right but your 5. $\frac{'}{\text{dence}}$: evidence: jury. duty, to disregard the evidence of any witness whom you believe unworthy of credit; yet you should not do this without good and sufficient reasons, and for justifiable ends. It is your duty to reconcile and harmonize the evidence, if possible, so as to give to the testimony of each and every witness the weight it is entitled to. In doing this you should take into consideration the appearance of the witness on the stand, his interest in the result of the suit, or the want of it; his bias for either party or the lack of it, the reasonableness of the story told or the opposite, and like matters, and from them all, aided by reason and good common sense, you should endeavor to arrive at the truth." This instruction, taken together, is correct.

VI. The evidence tended to show that in defendant's fence between him and plaintiff there were gaps, where the water had washed the material away; which were from one to ten rods in length; that another portion of defendant's fence was old, low and poor between defendant's lands; that stock having passed that fence and come upon another 40 acres of land of defendant, known as the Parson's forty, could at once pass upon plaintiff's land, there being no fence intervening; and there was also evidence tending to show that the stock did thus pass upon plaintiff's land and commit the trespasses complained of. Respecting this the defendant asked the court to instruct that: "In investigating the character of the fence it is

proper you should consider the fence on the east side of the Parson's forty; for though the fence between plaintiff and defendant was good, if the Parson's forty fence was down or poor, the stock could pass through that upon plaintiff's land."

The court refused this instruction, and this action is assigned as error. In discussing this assignment of error counsel urge "that reasonable care would hardly require plaintiff to put up gaps and repair fence, where a few rods below them were eighty rods of fence where the cattle could pass without let or hindrance." This is true; and it is equally true that a jury of common intelligence would know this without any direction from the court.

VII. Error is assigned upon the refusal of the court to give the following instruction: "In determining the question of reasonable effort and moderate expense you should consider the character of defendant's stock, and whether, under all the circumstances of the case, defendant's stock would have been kept back by any fence built by such ordinary effort and such moderate expense."

It is urged that it would require more and better fence to restrain breachy stock, and if the fence was low and poor more care and more expense to keep the fence up against such stock, and this the jury should have been told. A sufficient answer to this is that the ordinary juror knows as much about it as the court does. The other instructions asked and refused are of like character, and it would extend the opinion unduly to bestow upon them separate consideration. Some of them might have been given without error, but we think no substantial prejudice can have resulted from their refusal.

VII. The plaintiff offered to prove that defendant's land, through which his cattle passed upon plaintiff's premises, was foul with cockle-burs and other noxious weeds, and that stock passing and repassing would spread such weeds upon adjoining lands. No claim for damages was made in the petition upon this ground.

IX. There was evidence tending to show that the stock tramped and ate off the winter wheat of plaintiff, and that such tramping and eating destroyed said wheat and tended to

cause it to winter kill, or freeze out in the winter and spring. There was also evidence tending to show that the winter wheat was frozen out by the severity of the winter and spring. Upon this branch of the case the court permitted the defendant to prove, by farmers living in the neighborhood of plaintiff, that they sowed fall wheat that season, in the same neighborhood as plaintiff, and that their wheat winter killed. If plaintiff's wheat was destroyed by the winter, and not by defendant's stock, of course plaintiff should not recover therefor. As his wheat was tramped and eaten, it was impossible to determine absolutely what injured it. The fact, however, that other wheat, in the same neighborhood, similarly situated, and which had not been tramped nor eaten, was killed by the winter, had some bearing upon this question, and was entitled to some consideration. The same consideration applies to the testimony admitted, that stock in the neighborhood ran loose all winter.

X.   It is claimed that the court erred in taxing the fees of the jury to the plaintiff, upon the ground that the law authoriz-6 JURY: fees. ing it is unconstitutional. This point was determined adversely to appellant in *Adae & Co. v. Zangs*, 41 Iowa, 536.

This cause has been twice tried, resulting in one verdict for plaintiff for $70.00, and another for $20.00. The cost of the two trials has been $704.55. It is the interest of both parties that there should be an end of this litigation. ·

Whilst there may be some technical errors in the proceedings, we think there are none which have prejudiced any substantial right.                                  AFFIRMED.