THE GEORGIA RAILROAD & BANKING CO. v. BAKER et al.

1. The charge complained of in this case was no express instruction to allow damage on account of depreciation of rental value as to the other property generally, and also for rent of the part of the alley occupied by the embankment; and the amount of the verdict not appearing in the record, there is no presumption that the jury allowed such double damages.
2. The evidence warranted a recovery.       *Judgment affirmed.*
   November 2, 1891.

Damages. Charge of court. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1891.

Baker *et al.* sued the railroad company for damages alleged to have been sustained by the building by the defendant of an embankment which projected twelve feet over upon their land (a lot in the city of Atlanta fronting for one hundred feet the right of way of the railroad company, and running back two hundred feet), and by defendant's wrongfully causing water collected upon its premises to empty upon this lot. There was a verdict for the plaintiff, but the amount of it does not appear. Defendant's motion for a new trial was overruled. Among the grounds of the motion were that the verdict was contrary to law and evidence, that the damages found were excessive, and because the court erred in charging: "The plaintiff says that he has been damaged in two particulars: one is that he has been deprived, by the embankment in question, of the rental value of so much of the ground as it covers; the other is that, as the plaintiff says, the taking of this ground for the defendant's use and the making of a ditch by the surface waters has rendered the other part of his lot less valuable for rental purposes, and in this way has diminished his income from the property. Now you gentlemen will look carefully into the evidence in regard to these matters and make a verdict in accordance with the result which you reach." The error specified was, that

this charge submitted the case to the jury on the theory that plaintiffs could recover damages on the same piece of ground on account of being deprived of use of it in both of two ways, each incompatible with the other, when, under the evidence, he could recover for only one of the uses of which he had been deprived.

J. B. CUMMING, HILLYER & BROTHER and BRYAN CUMMING, for plaintiff in error, cited 3 Suth. Dam. 415–420; 34 Iowa, 568; 47 *Ga.* 260.

E. W. MARTIN, *contra*, cited 53 *Ga.* 186; Const. 1877.