## Hartford Deposit Co. v. J. Vernon Calkins and Alfred L. Jones.

1.  DAMAGES—*There Must be Reasonable Efforts to Make the Injury as Light as Possible.*—The law imposes upon a party subjected to injury from a breach of contract, the active duty of making reasonable exertions to render the injury as light as possible.

2.  SAME—*When a Person Permits Operation Without Objection.*— A person can not recover for damages to his business or property from the erection of a structure which he permits to go on, knowing that it is going on, and without making every reasonable effort and taking active steps to prevent the damage or have it stopped.

Action for Damages, for injuries done to the plaintiff's premises. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed conditionally. Opinion filed December 5, 1899.

**Statement.**—Appellant erected a fourteen-story fireproof office building upon premises adjoining those of which appellees are in possession as lessees. Upon the dividing line was a party wall, and it became necessary to strengthen the foundations of this, and run steel columns up through channels cut into said party wall in order to support the additional weight of the new structure. A party wall agreement for this purpose is said to have been made. It was discovered, as the channels for the steel columns were being cut, that as the old wall grew thinner with each story, the channels in question would break through into certain rooms on the third and fourth floors of appellees' building, which was four stories high and was occupied as a hotel. It is claimed that this discovery was made before appellees came into possession of the hotel as tenants, and that an agreement was made with the then tenant that all the rooms, seven in number, on the north side of the hotel, should be closed, and that when the work was done the tenants should be reimbursed for the loss of these rooms at the accustomed rates.

Appellees claim that they knew nothing of this arrangement, and that when they took possession no holes had been cut; that when this work was subsequently done without their consent the dust, smoke and cold air admitted through the openings resulted in continuous damage to their property and business. They claim to have made frequent complaints, and that finally an agreement was made that appellants should pay them for all damage to property or business resulting from the work, of which appellees themselves were to keep the account. It is claimed that the conditions complained of continued for more than six months.

These claims advanced on behalf of appellees are disputed and the evidence is irreconcilably conflicting.

It appears from appellees' evidence that while they claim they were suffering daily damage, they made no effort and did nothing to protect themselves therefrom, being content to complain to appellant. It also appears from the evidence that by shutting off the sky-light and scuttle leading to the attic, and the seven rooms directly affected, from the rest of the house, which it appears could have been easily and effectively accomplished, the injury alleged to have been caused by smoke and dirt and cold to the rest of the house could have been prevented. In excuse for not doing this, one of the appellees testified that some one, either the contractor or a foreman for the new building, told them not to touch it at all, and that it would be necessary for it to remain that way until the building was finished.

When this condition of things had continued for about six months, appellees sent, through their attorney, a letter containing an itemized statement of the alleged damages. By this statement in addition to the damages claimed for loss of the use of the seven rooms directly affected, appellees also state a claim as follows: "Damages caused the balance of their building from smoke, noise, dust and dampness, and the expense of additional coal and help to keep the house comfortable, $1,000."

Chas. H. Baldwin, attorney for appellant.

A person, knowing that his property and business are being damaged continuously, is not justified in refraining from stopping the damage when it is in his power by reasonable effort to do so, on the plea that the person causing the damage has directed him not to make such effort to stop the damage. Miller v. Mariners' Church, 7 Me. 51; Cook v. Soule, 56 N. Y. 420; Hamilton v. McPherson, 28 N. Y. 72; Loker v. Damon, 17 Pick. 284.

Henry T. Helm and John B. Brady, attorneys for appellees.

Mr. Justice Freeman, after making the foregoing statement, delivered the opinion of the court.

It is urged, as ground for reversal of the judgment ap-

pealed from, that the court erred in giving to the jury the following instruction:

"The jury are instructed that a person can in no case recover for damages to his business or property which he permits to go on, knowing that it is going on, and without making every reasonable effort and taking active steps to prevent it or have it stopped. If you believe from the evidence that plaintiffs knew that their premises were being damaged, and that they permitted the damage to continue, when by their own efforts the damage might have been stopped or prevented, then the defendants are not liable for the damage so caused, and plaintiffs can not recover in this suit for any such damage, unless the jury further believe from the evidence that the defendant directed the plaintiffs not to do so."

The last clause, "unless the jury believe from the evidence that the defendants directed the plaintiffs not to do so," was added by the court in modification of the instruction, as requested by appellees' counsel.

The instruction as presented to the court, and before its modification, stated, we think, substantially, the correct rule of law, and was applicable to the case in view of the evidence.

The law required that appellees should make reasonable efforts at least to protect themselves from unnecessary injury, and they can not recover damages occasioned by their own neglect. In Hamilton v. McPherson, 28 N. Y. 72–76, it is said by Judge Selden:

"The law for wise reasons imposes upon a party subjected to injury from a breach of contract the active duty of making reasonable exertions to render the injury as light as possible. Public interest and sound morality accord with the law in demanding this; and if the injured party, through negligence or willfulness allows the damages to be unnecessarily enhanced, the increased loss justly falls upon him."

It is said in Hogle v. N. Y. C. & H. R. R. R. Co., 28 Hun, 363, "if it were in the plaintiff's power, by reasonable efforts, to prevent the increase of the wrong, he should use that power." To the same effect are the cases, Miller v. Mariners' Church, 7 Me. 51–55; Mather v. Butler Co., 28 Ia. 253–259; Town Co. v. Leonard, 46 Kans. 354–358.

The modification complained of is, we think, erroneous. We find no evidence tending to show that the " defendant directed the plaintiffs not to " make any effort to prevent the damages alleged to have been caused to the latter's premises generally by smoke and dust and cold weather. The testimony of one of the appellees is that the latter did not make any effort to shut off the exposed rooms from the rest of the building, because they were told they could not do so by the contractor or a foreman. But the witness is not positive that the contractor did so tell him, and there is no evidence that either the contractor or any foreman had, or pretended to have, authority to so represent the appellant. The contractor testifies that he had no foreman, and that the work was all sublet. No reason appeared why the rooms in question could not readily have been shut off from the rest of the house. Such statement, if made, could not justify appellees in neglecting their plain duty of protecting themselves, so far as they reasonably could, from unnecessary damage.

The contractor was originally a party defendant, but appellees dismissed as to him at the close of the evidence.

The erroneous instruction, however, could not, we think, have been prejudicial as to any part of the verdict, except the item of $1,000 claimed by appellees for the alleged damages to the rest of their building from smoke, noise, dust and dampness, and for the expense of additional coal and help to keep the house comfortable.

If, therefore, the appellees shall within ten days file in this court a remittitur for $1,000, the judgment of the Circuit Court will be affirmed for the balance. Otherwise it will be reversed and the cause remanded.